Kevin Higgins
Assistant Attorney General
Alaska Bar No. 0711104
Department of Law
PO Box 110300
Juneau, AK 99811-0300
Tel: (907) 465-3600
kevin.higgins@alaska.gov

William S. Consovoy (pro hac vice)
J. Michael Connolly (pro hac vice)
Steven C. Begakis (pro hac vice)
Consovoy McCarthy PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Tel: (703) 243-9423
will@consovoymccarthy.com
mike@consovoymccarthy.com
steven@consovoymccarthy.com

*Counsel for Defendant Kelly Tshibaka*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| LINDA CREED; TYLER RIBERIO, <br><br> Plaintiffs, <br><br> v. <br><br> ALASKA STATE EMPLOYEES ASSOCIATION/AFSCME LOCAL 52; KELLY TSHIBAKA, *in her official capacity as Commissioner of the Department of Administration for the State of Alaska*, <br><br> Defendants. | Case No. 3:20-cv-00065-HRH |

**DEFENDANT KELLY TSHIBAKA'S ANSWER TO COMPLAINT**

Defendant Kelly Tshibaka ("Defendant"), in her official capacity as Commissioner of the Department of Administration for the State of Alaska, answers the complaint of Plaintiffs Linda Creed and Tyler Riberio as follows:

## INTRODUCTION

1. This paragraph states a legal conclusion to which no response is required.

2. This paragraph states a legal conclusion to which no response is required.

3. Defendant admits that Plaintiffs asked the State of Alaska to stop deducting union dues from their paychecks and that the State stopped deducting dues from Plaintiffs' paychecks in response to Plaintiffs' requests. Defendant admits that Defendant Alaska State Employees Association/AFSCME Local 52 ("ASEA") secured a state court order forcing the State to continue deducting union dues from Plaintiffs' paychecks. Defendant admits that the State is deducting dues from Plaintiff Creed's paychecks and was deducting dues from Plaintiff Riberio's paychecks until December 31, 2019. The remainder of the paragraph contains legal conclusions to which no response is required.

4. This paragraph states a legal conclusion to which no response is required.

5. This paragraph states a legal conclusion to which no response is required.

## PARTIES

6. Defendant admits that Plaintiffs are employees of the State of Alaska. Defendant admits that Linda Creed is an Environmental Health Technician for the State's Department of Environmental Conservation. Defendant admits that Creed resides in Anchorage and has been paying union dues since at least July 2017.

7. Defendant admits that Tyler Riberio is an Environmental Impact Analyst for

the State's Department of Transportation. Defendant admits that Riberio resides in Juneau and paid dues between February 2018 and December 31, 2019.

8. Admit.

9. Admit.

## JURISDICTION AND VENUE

10. This paragraph states a legal conclusion to which no response is required.

11. This paragraph states a legal conclusion to which no response is required.

## FACTS

12. Defendant admits that the State of Alaska and ASEA entered into a collective bargaining agreement ("CBA"), effective July 1, 2019 to June 30, 2022.

13. The paragraph quotes from the CBA, a written document, and Defendant admits that the quotation is accurate. To the extent that the paragraph purports to imply or suggest a particular meaning, the document speaks for itself and no further response is required.

14. This paragraph purports to quote from, describe, characterize, and/or draw legal conclusions from a provision in the Public Employment Relations Act ("PERA"). Defendant admits that the quotation to the PERA is accurate. To the extent this paragraph purports to characterize or describe the provision, the provision speaks for itself and no further response is required.

15. This paragraph purports to quote from, describe, characterize, and/or draw legal conclusions from a document. Defendant admits that the quotation to Exhibit B is accurate. To the extent that the paragraph purports to imply or suggest a particular meaning,

the document speaks for itself and no further response is required.

16. Admit.

17. Admit.

18. Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph.

19. Defendant admits that the State received a letter that was dated July 31, 2019 and purports to be from Plaintiff Riberio. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations.

20. Defendant admits that on August 27, 2019 Alaska Attorney General Kevin G. Clarkson issued an Attorney General Opinion concerning the *Janus* decision. To the extent that the paragraph purports to imply or suggest a particular meaning, the document speaks for itself and no further response is required.

21. Defendant lacks sufficient knowledge or information to admit or deny these allegations.

22. Defendant admits that the State of Alaska received a letter from Plaintiff Riberio dated August 28, 2019 that included a copy of a letter to ASEA dated July 31, 2019.

23. Defendant admits that the State of Alaska received a form from Plaintiff Riberio on September 20, 2019 asking the State to cease his union dues deduction.

24. The State admits that, on September 26, 2019, Governor Dunleavy issued Administrative Order No. 312. To the extent the paragraph is characterizing the Order, the document speaks for itself and thus no further response is required.

25. Defendant admits that Plaintiffs Creed and Riberio asked the State to cease

their union dues deductions and that the State honored these requests and stopped deducting union dues from their paychecks.

26. Defendant admits that the State, in compliance with a state court temporary restraining order, once again began deducting dues from Plaintiffs' paychecks.

27. Admit.

28. Defendant admits that the State of Alaska stopped withholding dues from Plaintiff Riberio's paycheck as of December 31, 2019.

29. Defendant lacks sufficient knowledge or information to admit or deny these allegations.

**COUNT I**
**Defendants ASEA and Commissioner Tshibaka violated Plaintiffs' rights to free speech and freedom of association protected by the First Amendment of the United States Constitution.**

30. No response is required.

31. This paragraph states a legal conclusion to which no response is required.

32. This paragraph states a legal conclusion to which no response is required.

33. This paragraph states a legal conclusion to which no response is required.

34. This paragraph states a legal conclusion to which no response is required.

35. This paragraph states a legal conclusion to which no response is required.

36. Defendant admits that Plaintiffs Creed and Riberio asked the State to cease their union dues deductions and that the State honored these requests and stopped deducting union dues from their paychecks.

37. Defendant admits that Plaintiffs asked the State of Alaska to stop deducting union dues from their paychecks and that Plaintiffs were subsequently forced to continue

paying union dues through paycheck deductions because of a court order.

38. Defendant admits that the State of Alaska is deducting dues from Plaintiff Creed's paychecks and was deducting dues from Plaintiff Riberio's paychecks until December 31, 2019. The remainder of the paragraph states a legal conclusion to which no response is required.

39. This paragraph states a legal conclusion to which no response is required.

40. This paragraph states a legal conclusion to which no response is required.

41. This paragraph states a legal conclusion to which no response is required.

42. This paragraph states a legal conclusion to which no response is required.

43. This paragraph states a legal conclusion to which no response is required.

## GENERAL RESPONSES

44. Except as expressly admitted above, all of Plaintiffs' allegations are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claim fails to the extent it is barred by one or more doctrines of immunity, including but not limited to sovereign immunity.

2. Defendant reserves the right to assert additional affirmative defenses as inquiry, discovery, and investigation of this matter continues.

DATED: June 3, 2020      KEVIN G. CLARKSON
ATTORNEY GENERAL

By:    /s/ Kevin Higgins

Kevin Higgins
Assistant Attorney General
Alaska Bar No. 0711104
Department of Law
PO Box 110300
Juneau, AK 99811-0300
Phone: (907) 465-3600
Facsimile: (907) 465-2520
kevin.higgins@alaska.gov

William S. Consovoy
(*pro hac vice*)
J. Michael Connolly
(*pro hac vice*)
Steven C. Begakis
(*pro hac vice*)
Consovoy McCarthy PLLC
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
Telephone: (703) 243-9423
will@consovoymccarthy.com
mike@consovoymccarthy.com
steven@consovoymccarthy.com

*Counsel for Defendant Kelly Tshibaka, in her official capacity as Commissioner of the Department of Administration for the State of Alaska*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 3, 2020, a true and correct copy of the foregoing document was served by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

*/s/ Kevin Higgins*